## HALL & a. v. RICHARDSON.

Partnership property may be attached on a joint debt against the co-partners.

TRESPASS, for taking and carrying away partnership property of the plaintiffs, attached by the defendant, a deputy sheriff, on a writ against the plaintiffs as joint debtors. The plaintiffs were copartners in the business of manufacturing nuts and bolts. The Newmarket Savings Bank, holding a joint note of the plaintiffs, brought suit upon it, and attached a nut-machine owned by the plaintiffs as copartners, and took possession of it by a keeper. No steps were taken by the bank to wind up the partnership. The same property was subsequently attached by a partnership creditor of the plaintiffs. The court ordered a nonsuit, and the plaintiffs excepted, and filed this bill of exceptions, which is allowed.

*W. H. Paine*, for the plaintiffs.

*Wiggin & Fernald* and *A. L. Mellows*, for the defendant.

BLODGETT, J. Subject only to the priority of judgment partnership creditors, the partnership property of the plaintiffs was liable for their joint debt to the attaching creditor, and could be lawfully attached and held by the defendant to satisfy any judgment which might be obtained thereon. The preference given to partnership property extends to the application of the property merely, and does not exempt it from attachment and seizure at the suit of the joint creditors of the partners composing the firm; and, as a consequence, the plaintiffs can no more maintain trespass against the defendant for making such an attachment than they could if it had been made to secure a partnership debt. Having suffered no wrong, the plaintiffs have no remedy.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.